PETERS, J.,
concurring.
hi agree with the result reached in this matter, but disagree with some aspects of the majority opinion. The majority finds error in the trial court’s determination that only law enforcement officers have the authority under state law to direct, control, *376 and/or regulate traffic during the event at issue in this litigation. In reaching that conclusion, the majority relies on the supreme court’s decision in Blair v. Tynes, 621 So.2d 591 (La.1993), wherein an American Legion chapter was held partially at fault for the negligent actions of off-duty law enforcement personnel hired by the chapter to work traffic at a function. The supreme court did so based on its conclusion that the chapter assumed a duty to provide security in a non-negligent manner when it hired the officers and directed their duties.
In the matter before us, the plaintiffs pleadings do not come close to asserting any degree of control or direction by the MissLou defendants. Without such control or direction, the absolute authority to “supervise and regulate all traffic on all highways within the state highway system” is vested in the Louisiana Department of Transportation and Development pursuant to La.R.S. 31:2, and the enforcement of those regulations is vested in the Louisiana Department of Public |2Safety and Corrections pursuant to La.R.S. 31:3. Therefore, the trial court correctly granted the exception of no cause of action without having to distinguish this matter from the fact situation in Blair, 621 So.2d 591.
While nothing in the record suggests that the plaintiff sought authority from the trial court to attempt to amend his petition to state individual causes of action against the MissLou defendants, I agree with the majority that La.Code Civ.P. art. 934 requires the trial court to “order such amendment within the delay allowed by the court[,]” if “the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition[.]” I have serious doubts concerning whether any amendment can successfully remove the grounds for the exception.
Despite the fact that the plaintiff is receiving relief on appeal, I agree that he should pay the bulk of the cost of appeal. He did note even raise the amendment issue in argument to this court, and a request to the trial court that he be given the opportunity to amend his pleadings could very well have precluded the necessity of this appeal.